UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHIGAN PROTECTION &
ADVOCACY SERVICE, INC.,

              Plaintiff,

v.

THI of MICHIGAN at CLARKSTON, LLC
d/b/a CLARKSTON SPECIALTY
HEALTHCARE CENTER,

              Defendant,

_____/

MICHIGAN PROTECTION & ADVOCACY
  SERVICE, INC.
Chris E. Davis (P52159)
4095 Legacy Pkwy., Suite 500
Lansing, MI 48911
(517) 487-1755
CDAVIS@mpas.org
Attorney for Plaintiff

_____/

## COMPLAINT

### INTRODUCTION

1. The Plaintiff, Michigan Protection & Advocacy Service, Inc. ("MPAS"), brings this action for declaratory and injunctive relief pursuant to 42 U.S.C. §§ 10807-10827, the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI"); 42 U.S.C. § 15043, Developmental Disabilities Assistance and Bill of Rights Act of 2000 ("DD"), and 29 U.S.C. § 794e, the Protection and Advocacy of Individual Rights ("PAIR") Program of the Rehabilitation Act of 1973.

2.  The Plaintiff, MPAS, challenges the Defendant's failure to disclose documents relating to the abuse/neglect investigation of a patient who died at the Clarkston Specialty Healthcare Center ("Clarkston Center") in Clarkston, Michigan.

3.  This information was requested by the Plaintiff and disclosure is required by the PAIMI, DD, and PAIR Acts.

4.  MPAS is charged with the responsibility both under federal and state law to investigate allegations of abuse and neglect against persons with disabilities.

5.  The Defendant's failure to provide the documents and information at issue has interfered with Plaintiff's investigative responsibilities and resulted in Plaintiff being denied its rights pursuant to the PAIMI, DD, and PAIR Acts to investigate the suspected incidents of abuse and neglect.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.  Plaintiff's federal claims are made pursuant to 42 U.S.C. §§ 10801-10827.

8.  Declaratory and injunctive relief are authorized pursuant to 28 U.S.C. §§ 2201, 2202.

9.  Venue is appropriate in this district pursuant to 28 U.S.C. §1391(b), as all of the events and omissions complained of below occurred in this district.

## PARTIES

10. The Plaintiff, MPAS, is a Michigan non-profit corporation.

11. The Governor of Michigan has designated MPAS as the state's protection and advocacy system, pursuant to M.C.L. § 330.1931(1) with the responsibility to enforce and carry out the federal mandates under the PAIMI, DD and PAIR Acts.

12. As the state's protection and advocacy system, MPAS is required to and has the responsibility to investigate allegations of abuse and neglect of persons with disabilities. M.C.L. § 330.1931(2).

13. Defendant, THI of Michigan at Clarkston, LLC, is a foreign limited liability company conducting business in Michigan under the assumed name of Clarkston Specialty Healthcare Center.

14. Upon information and belief, the Clarkston Center which the Defendant operates is a nursing home located in Clarkston, Michigan in Oakland County.

## FACTS

15. On or about April 28, 2011, MPAS learned of an allegation abuse/neglect against an individual who was a patient at the Clarkston Center.

16. Based on the allegation MPAS received, the individual had been diagnosed with both physical and non-physical disabilities.

17. As a result of the patient's disabilities, his doctor had placed on order in his file that he was not to receive solid foods and was to have 1:1 assistance when provided pureed foods.

18. As a result of the patient's disabilities, he was unable to make decisions and had limited ability to communicate.

19. Based on the allegations MPAS received, a certified nursing assistant placed a food tray with ground meat, noodles, fruit, and broccoli spears on the table next to the patient.

20. Approximately one-half hour later, the patient had no pulse or respiration.

21. Based on the allegations MPAS received, EMS personnel arrived and found the patient with his airway completely obstructed and determined a piece of food was blocking his airway.

22. Based on the allegations MPAS received, the patient died as a result of this incident.

23. Based on the allegations MPAS received, sixteen additional patients were also put at high risk of harm, injury, and/or death due to having similar swallowing difficulties as the patient that died.

24. Based on the allegations MPAS received, MPAS determined it had probable cause to open an investigation as the state's protection and advocacy system, into the possible abuse and/or neglect of a person with a disability.

25. On June 28, 2011, an advocate for MPAS sent a letter to Margaret Canny, at the Clarkston Center, requesting all records related to the unidentified patient and the incident described above.

26. On July 11, 2011, legal counsel for Clarkston Center refused to release the records citing general right to confidentiality.

27. On July 20, 2011, legal counsel for MPAS sent a letter to John Klarr, legal counsel for Clarkston Center, requesting the records again and citing federal law that mandates the release of the records.

28. After a series of e-mails and telephone conversations between the parties' counsel, Clarkston Center would only provide the name of the personal representative of the deceased patient's estate and the Probate Court case number.

29. In an e-mail dated August 4, 2011, counsel for Clarkston Center agreed that Clarkston would release all records to MPAS if MPAS obtained the signature of the personal representative of the estate.

30. On October 3, 2011, counsel for MPAS faxed a letter to Clarkston Center's legal counsel requesting the records again but this time accompanied by a release signed by the personal representative of the estate.

31. In the letter, MPAS' asked that the records be provided in three days or legal action would be taken.

32. On October 11, 2011, MPAS' counsel left a voicemail message for Clarkston Center's counsel asking for the records and requesting a call by the end of the day confirming the records would be forthcoming.

33. As of the date of this filing, MPAS has not received any of the records nor a call from Clarkston Center's counsel.

**COUNT I – VIOLATION OF THE PAIMI ACT'S
ACCESS TO RECORDS PROVISION**

34. Plaintiff incorporates and re-alleges paragraphs 1 through 33, as if fully set forth herein.

35. MPAS as Michigan's designated protection and advocacy system, has the right to access all records for individuals to which the PAIMI Act applies when conducting abuse and neglect investigations. 42 U.S.C. §§ 10805(a)(4), 10806(b)(3)(A), and 10806(b)(3)(B).

36. Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of a patient, violates MPAS' rights under the PAIMI Act, 42 U.S.C. §§ 10801-10827.

37. Defendant's actions frustrate, impinge, and prevent MPAS from meeting its responsibilities under federal and state law to investigate allegations of abuse and/or neglect of individuals with mental illness.

38. MPAS has no adequate remedy at law.

## COUNT II – VIOLATION OF THE DD ACT'S ACCESS TO FACILITIES PROVISION

39. Plaintiff incorporates and re-alleges paragraphs 1 through 38, as if fully set forth herein.

40. MPAS as Michigan's designated protection and advocacy system, has the right to access all records of individuals to which the DD Act applies when conducting abuse and neglect investigations.  42 U.S.C. § 15043.

41. Defendant's actions frustrate, impinge, and prevent MPAS from meeting its responsibilities under federal and state law to investigate allegations of abuse and/or neglect of individuals with developmental disabilities.

42. Defendant's failure to provide Plaintiff with the requested records relating to the allegations of abuse and/or neglect of the patient, violates MPAS' rights under the DD Act, 42 U.S.C. § 15043.

43. MPAS has no adequate remedy at law.

## COUNT III – VIOLATION OF THE PAIR ACT'S ACCESS TO FACILITIES PROVISION

44. Plaintiff incorporates and re-alleges paragraphs 1 through 43, as if fully set forth herein.

45. MPAS as Michigan's designated protection and advocacy system, has the right to access all records for individuals to which the PAIR Act applies when conducting abuse and neglect investigations.  29 U.S.C. § 794e and 42 U.S.C. §15043.

46. Defendant's failure to provide Plaintiff with the requested records, relating to the allegations of abuse and/or neglect of a patient, violates MPAS' rights under the PAIR Act, 29 U.S.C. § 794e.

47. Defendant's actions frustrate, impinge, and prevent MPAS from meeting its responsibilities under federal and state law to investigate allegations of abuse and/or neglect of individuals with disabilities.

48. MPAS has no adequate remedy at law.

### REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests this Court:

A.  Enter a declaratory judgment, in accordance with 28 U.S.C. § 2201, declaring that the Defendant's actions and failures to act violate the PAIMI, DD, and/or PAIR Act(s) by:

    i)  Denying the Plaintiff access to patient records; and

    ii)  Preventing MPAS from fully performing its statutory duty to investigate incidents of suspected abuse and/or neglect of individuals with disabilities in violation of PAIMI, DD, and/or PAIR Act(s);

B.  Enter permanent injunctive relief pursuant to 28 U.S.C. § 2202, requiring Defendant to provide MPAS any and all reports, documents, and records relating to the patient in question;

C.  Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the PAIMI, DD and PAIR Acts;

D.  Award Plaintiff costs and reasonable attorney fees; and

E.  Order such other, further, or different relief as the Court deems equitable and just.

                        Respectfully submitted,

Dated: October 17, 2011          s/Chris E. Davis
                                 MICHIGAN PROTECTION &
                                  ADVOCACY SERVICE, INC.
                                 4095 Legacy Pkwy., Suite 500
                                 Lansing, MI  48911
                                 (517)  487-1755
                                 cdavis@mpas.org
                                 P52159